# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> DEPARTMENT OF CORRECTIONS; ) <br> COMMONWEALTH OF ) <br> PENNSYLVANIA; TAMMY ) <br> FERGUSON *D.S. SCI Benner*; THE ) <br> ATTORNEY GENERAL OF THE STATE ) <br> OF PENNSYLVANIA, ) <br> Respondents. ) | Civil Action No. 14-579 <br> Judge Nora Barry Fischer/ <br> Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

### I. Introduction

On October 20, 2014, Thomas R. Galloway, Jr. ("Petitioner") filed a Motion for Reconsideration, (Docket No. 30), of this Court's Order, (Docket No. 28), overruling Petitioner's Objections, (Docket No. 25), to Magistrate Judge Maureen P. Kelly's Order, (Docket No. 21), which denied, *inter alia*, Petitioner's Motion for Summary Judgment, (Docket No. 19). The Court ordered Respondents to file a Response to the Motion, (Docket No. 31), and, on October 21, 2014, Respondents filed their Response, (Docket No. 32). Accordingly, the Motion is ripe. In consideration of the aforementioned filings, the Court finds as follows.

### II. Procedural Background

On May 6, 2014, Petitioner filed a Petition for Writ of Habeas Corpus with this Court, alleging generally that the Commonwealth lacked jurisdiction over his most recent state criminal conviction due to an allegedly false affidavit and insufficient evidence to support his conviction. (*See* Docket No. 1 at p. 5). On June 12, 2014, Respondents filed their answer. (Docket No. 12).

1

Since then, Petitioner has filed various motions, all of which have been denied. (Docket Nos. 14, 17, 18, 19, 21). Included among those was a Motion for Summary Judgment, filed on September 11, 2014. (Docket No. 19). On September 17, 2014, Magistrate Judge Kelly denied Petitioner's Motion for Summary Judgment, "as the pending Petition for Writ of Habeas Corpus will be addressed in due course."

Petitioner thereafter filed Objections to Magistrate Judge Kelly's Order, generally asserting that there was "no material issue of fact to argue" regarding his allegation that he has demonstrated actual innocence. (Docket No. 25). This Court overruled Petitioner's Objections on the grounds that "Magistrate Judge Kelly's Order denied the Motion as being improvidently filed, and indicating that the Petition would be decided in due course." (Docket No. 28 at p. 1). The Court further indicated that, "even if [Petitioner] could establish the falsity of a police affidavit, such would not entitle him to relief from this conviction given that Petitioner was convicted by a jury beyond a reasonable doubt of the very crimes which the affidavit . . . concerned." (*Id.*).

On October 20, 2014, Petitioner filed the pending Motion for Reconsideration. (Docket No. 30). In this Motion, Petitioner again attacks the allegedly false affidavit and the sufficiency of the evidence used to convict him at trial. (*See id.*). It makes no allegation as to the impropriety of the Court's Order Overruling Petitioner's Objections to Judge Kelly's Order denying Petitioner's Motion for Summary Judgment. (*Id.*).

**III. Legal Standard**

"Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, No. 07-237, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) (quoting

2

*Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D. Pa. 1995)). "Because of the interest in finality, at least at the district court level . . . the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D. Pa. 1992)). The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

**IV. Discussion**

Petitioner's motion for reconsideration must be denied because he has not identified any changes in the controlling law, new evidence, or clear errors of law or fact made by this Court in the course of overruling his Objections to the Order denying his motion for summary judgment. Petitioner's motion is a simple repetition of the factual and legal assertions made throughout the course of his habeas corpus petition. The errors of law and fact alleged in the motion for reconsideration relate to the underlying state criminal proceedings against him; no error of this Court is alleged.

## V. Conclusion

Accordingly, in consideration of the foregoing, Petitioner's Motion (Docket No. 30) is DENIED.

<i>s/Nora Barry Fischer</i><br>
Nora Barry Fisher<br>
U.S. District Judge

Dated: October 24, 2014

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

Thomas R. Galloway, Jr.
JY-8603
SCI Benner Township
301 Institution Drive
Bellefonte, PA 16823

All counsel of record via CM-ECF