# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> DEPARTMENT OF CORRECTIONS; ) <br> COMMONWEALTH OF ) <br> PENNSYLVANIA; TAMMY ) <br> FERGUSON *D.S. SCI Benner*; THE ) <br> ATTORNEY GENERAL OF THE STATE ) <br> OF PENNSYLVANIA, ) <br> Respondents. ) | Civil Action No. 14-579 <br> Judge Nora Barry Fischer/ <br> Chief Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), filed pursuant to 28 U.S.C. § 2254, be dismissed and that a certificate of appealability be denied.

### II. REPORT

This Petition represents the latest in a string of unsuccessful attempts by Thomas R. Galloway ("Petitioner") to attack, or otherwise impugn, his state court conviction for being a felon in possession of a weapon. See, e.g., Galloway v. Westmoreland County Court, No. 2:11-cv-18 (W.D. Pa.); Galloway v. Trib Total Media, No. 3:11-cv-271 (W.D. Pa.); Galloway v. Westmoreland County Court, No. 2:11-cv-691 (W.D. Pa.); Galloway v. Westmoreland County Forensic Unit, No. 3:12-cv-36 (W.D. Pa.); Galloway v. Chris Haidze, No. 3:12-cv-39 (W.D. Pa.); Galloway v. Pennsylvania, No. 2:13-cv-960 (W.D. Pa.); Galloway v. Pennsylvania, No. 2:13-cv-1098 (W.D. Pa.). Because Petitioner fails to show that he is in custody in violation of

the Constitution or laws of the United States, the Petition should be dismissed and because reasonable jurists would not disagree with the proposed disposition, a certificate of appealability should be denied.

### A. Procedural and Factual History

Proceeding pro se, Petitioner has filed the Petition challenging his conviction for violating 18 Pa.C.S.A. § 6105 A(1), Person Not To Possess a Firearm. This conviction arose out of a shooting in a bar where Petitioner was shot and where Petitioner shot another person. The Petition raises the following four Grounds For Relief:

> GROUND ONE: Subject Matter Jurisdiction  Pennsylvania Attorney General must show authority for restraining Petitioner lawfully without a proper affidavit [supporting the arrest warrant] . . . .

ECF No. 3 at 5.

> GROUND TWO: New discovered evidence[.] Commonwealth must show cause for illegal detention, without a proper affidavit. Affidavit is void on its face.

Id. at 7.

> GROUND THREE: Ineffective Counsel. Violation 6th Amendment . . . Robert Liotta, Esq[.], never interviewed DA's witnesses[,] Amelia Lewis and Johnathan White. Had Mr. Liotta, Esq[.] properly talked to these witnesses counsel would of [sic] motioned the lower court to make them aware of the procedure error of a void affidavit.

Id. at 8.

> GROUND FOUR: Prima Facie, on its face the affidavit is void. Without prima facie, Commonwealth must show cause for illegal detention and restrain[t] of Petitioner. Commonwealth has no lawful authority.

Id. at 10.

Respondents filed an Answer, denying Petitioner was entitled to any relief, ECF No. 12, and attached copies of portions of the state court record, including some of the state court

2

opinions in Petitioner's case.   Petitioner filed a traverse.  ECF No. 16.   While Petitioner has filed many intervening motions, none of them bear mention herein.

**B.  The AEDPA Applies.**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996.  Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d).  In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States."  Id. at 404-05 (emphasis deleted).

**C.  Discussion**

The basic claim that underlies all of Petitioner's Grounds for Relief is that Detective Marsili lied in the affidavit of probable cause, when Marsili asserted that Amelia Lewis and Johnathan White, alleged witnesses to the crime, told Detective Marsili that Petitioner possessed

3

a gun on the night of the shootings and, Petitioner asserts that, in fact, they did not give any such statements or did not do so truthfully. As a consequence, Petitioner argues there was no probable cause to arrest him and, therefore, according to his argument, the state courts lacked subject matter jurisdiction to try him and convict him. Petitioner has repeatedly made this argument in his many federal lawsuits noted above and this argument has been rejected repeatedly.

This was the same argument that Petitioner made in the state courts and which those courts likewise rejected. The Post Conviction Relief Act trial court rejected this claim as follows: "The Petitioner alleged in his PCRA Petition that this Court lacks subject matter jurisdiction. He claims the Affidavit was void and there was no probable cause to arrest him. The Court informed the Petitioner that that [alleged lack of probable cause] was waived by a jury trial." ECF No. 12-3 at 15.[1]

The question of the subject matter jurisdiction of a Court of Common Pleas to try an accused is a matter of state law. Thus, we have no authority to review that question. Smith v. Baker, 2:07–CV–00318 (D. Nev. Nov. 5, 2014) ("the question whether the state court possessed subject matter jurisdiction in this case was a matter of state law beyond the province of the federal habeas court."). Hence, because all of Petitioner's federal claims before this Court depend on the predicate of establishing that the Court of Common Pleas lacked subject matter jurisdiction over his criminal prosecution, his federal claims necessarily fail because this Court cannot say that the state courts erred in deciding the state law issue of subject matter jurisdiction. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (stating that federal courts are bound by a State

---

[1] Although Petitioner appealed from the PCRA trial court's denial of relief, the Superior Court refused to address Petitioner's claims on the merits, finding that he failed to comply with procedural rules and dismissed his appeal on that ground. Superior Court Op., ECF No. 12-3 at 54 – 58. Respondents assert that Petitioner has, as a consequence, procedurally defaulted all of his claims. In the exercise of our discretion, we decline to rest our recommendation on the procedural default doctrine.

Court's interpretation of state law); Lyda v. Gibson,172 F.3d 879 (Table), 1999 WL 107116, at *1 (10th Cir. 1999); Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir. 1990) ("Inasmuch as the highest court of Kentucky expressly held that the state trial court did not err in refusing to give the requested lesser included offense instruction, the refusal was necessarily correct as a matter of state law. It would be an extremely rare case in which a federal court could conclude that a state court committed an error under state law. Indeed, if the case has been reviewed by the state's highest court it would be **impossible** to find an error of state law if that court did not.") (quoting Pilon v. Bordenkircher, 593 F.2d 264, 267 n.4 (6th Cir. 1979), *vacated on other grounds*, 444 U.S. 1 (1979))(emphasis added). See also McCormick v. Kline, 572 F.3d 841 (10th Cir. 2009).

Notwithstanding this Court's lack of ability to review a state court determination on the state law issue of whether it possessed subject matter jurisdiction over Petitioner's criminal case, we note in passing that the PCRA trial court did not err as a matter of state law in finding that an allegedly faulty affidavit does not void a criminal prosecution as Petitioner asserts. Commonwealth v. Krall, 304 A.2d 488, 490 (Pa. 1973) ("It has long been the law in this and in other jurisdictions that 'the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant.'") (quoting 41 Am.Jur.2d, Indictments and Informations §18, at 891 (1968)). Thus, the state courts, as a matter of state law, did indeed have jurisdiction over Petitioner's criminal proceedings, notwithstanding any lack of probable cause to arrest him, and so, Petitioner's criminal conviction was not obtained by a court lacking jurisdiction over the case.

Moreover, to the extent that Petitioner asserts that the state courts' exercise of subject matter jurisdiction over his criminal prosecution, resulting in his subsequent conviction, violated some principle of the United States Constitution, such as the Fourth Amendment or Fourteenth Amendment or any other amendment, Petitioner is simply wrong. The Constitutional rule is that even if probable cause was lacking at the time of his arrest or the arrest was based upon a defective probable cause affidavit, the lack of probable cause would not entitle Petitioner, as a matter of federal Constitutional law, to relief from his subsequent conviction. See, e.g., Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (illegal arrest or detention does not void a subsequent conviction; although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause). See also Albrecht v. United States, 273 U.S. 1, 5 (1927) ("'As the affidavits on which the warrant issued had not been properly verified, the arrest was in violation of the clause in the Fourth Amendment which declares that 'no warrants shall issue but upon probable clause supported by oath or affirmation' . . .. But it does not follow that because the arrest was illegal, the information was or became void.'"); United States v. Farnsworth, 302 F. App'x 110, 112-13 (3d Cir. 2008) ("Equally unavailing is Farnsworth's claim that the District Court lacked jurisdiction due to an alleged defect in the arrest warrant that issued after his indictment. Even assuming the warrant was defective, we see no reason to 'retreat from the established rule that illegal arrest or detention does not void a subsequent conviction.'") (quoting Gerstein v. Pugh, 420 U.S. at 119).[2] Therefore, Petitioner is

---

[2] We find that the PCRA trial court's statement is simply echoing this very rule of law when it stated the alleged lack of probable cause "was waived by a jury trial." ECF No. 12-3 at 15. We understand this simply to mean that even if there was not probable cause possessed by the arresting officer to believe Petitioner committed a crime, the fact that a jury or judge subsequently found there to be sufficient evidence to convict Petitioner beyond a reasonable

(. . . footnote continued)

not entitled to habeas relief on the claim that because probable cause was lacking for his arrest, his subsequent criminal conviction violated his federal rights. We find that this rule of law is an adequate basis to reject all of Petitioner's four Grounds for relief as meritless.

### III. CONCLUSION

For the reasons set forth herein, it is recommended that the Petition be dismissed. Because jurists of reason would not disagree with the foregoing, a Certificate of Appealability should likewise be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: January 22, 2015             s/Maureen P. Kelly  
                                              MAUREEN P. KELLY  
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Nora Barry Fischer  
       United States District Judge

---

doubt, renders the lack of probable cause simply irrelevant. What Petitioner seems to fail to understand is that his current detention is not as a result of the allegedly faulty probable cause affidavit but, rather, is the result of a jury of his peers finding that he committed the crime of being a felon in possession beyond a reasonable doubt after hearing all of the evidence.

All counsel of record via CM-ECF

Thomas R. Galloway, Jr.
JY-8603
SCI Benner Township
301 Institution Drive
Bellefonte, PA 16823