# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., )<br>       Petitioner, )<br>           )<br>vs.            )<br>           )<br>           )<br>DEPARTMENT OF CORRECTIONS; )<br>COMMONWEALTH OF     )<br>PENNSYLVANIA; TAMMY     )<br>FERGUSON *D.S. SCI Benner*; THE )<br>ATTORNEY GENERAL OF THE STATE )<br>OF PENNSYLVANIA,       )<br>       Respondents. ) | Civil Action No. 14-579<br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

This habeas action, filed by state inmate Thomas R. Galloway, Jr., was referred to United States Magistrate Judge Maureen P. Kelly for a report and recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. In 2010, Galloway was convicted by a jury of Former Convict Not to Possess a Firearm. He was subsequently sentenced to five to ten years' imprisonment. In this petition for a writ of habeas corpus, Galloway challenges the validity of his conviction and in support raises four grounds for relief.

On May 12, 2014, Galloway filed a Petition for Writ of Habeas Corpus. (Docket No. 3). On January 22, 2015, Judge Kelly issued a Report and Recommendation[1] ("R&R"), in which she recommended that Galloway's petition for a writ of habeas corpus be denied and that a certificate of appealability be denied. (Docket No. 34). On February 6, 2015, Galloway filed Objections to the R&R, (Docket No. 35), and a Supplement thereto, (Docket No. 36). The Commonwealth responded on February 10, 2015. (Docket No. 37).

---

[1] In the interim, Galloway filed various motions that have been disposed of but are irrelevant to the disposition of his Petition.

1

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1). Accordingly, this Court has carefully examined, *de novo*, all claims raised by Galloway in his Objections and Supplement and agrees with the Magistrate Judge that his petition for a writ of habeas corpus should be denied and that he is not entitled to a certificate of appealability on any of his claims. Galloway's Objections are overruled and the Court approves and adopts the R&R for the reasons that follow.

Galloway generally objects on the basis that alleged fraud used to obtain his conviction deprived his trial court of subject matter jurisdiction and, thus, his conviction is void, *ab initio*. As Judge Kelly correctly noted, "the question of the subject matter jurisdiction of a Court of Common Pleas to try an accused is a matter of state law." R&R at 4. "[T]he question whether the state court possessed subject matter jurisdiction in this case was a matter of state law beyond the province of the federal habeas court." *Smith v. Baker*, 2014 WL 5776212, at *7 (D.Nev. Nov. 5, 2014); *see also Wainwrights v. Goode*, 464 U.S. 78, 84 (1983) (requiring a federal court accept a state court's interpretation of state law). As the basis for Galloway's current petition is his argument that the state court lacked subject matter jurisdiction and this Court may not review its decision that it possessed jurisdiction, Galloway's petition shall be dismissed.

Additionally, even if this Court could review the state's decision, Galloway does not proffer factual or legal arguments that, in this Court's estimation, are sufficient to overcome the deferential standard of review set forth under the Anti-Terrorism and Effective Death Penalty Act. Galloway's bald assertions that a witness lied and that the ADA perpetrated a fraud on the court are not sufficient to support his claims for relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); 28 U.S.C. § 2254 Rule 2(c).

Finally, upon *de novo* review of same, this Court agrees with Judge Kelly's conclusion that Galloway "is not entitled to relief on the claim that[,] because probable cause was lacking for his arrest, his subsequent criminal conviction violated his federal rights." R&R at 6–7. It is well settled law "that an illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952) and *Ker v. Illinois*, 119 U.S. 436 (1886)).

AND NOW, this 12th day of February, 2015, upon consideration of Galloway's Petition for Writ of Habeas Corpus, (Docket No. [3]), the Commonwealth's Answer to the Petition, (Docket No. [12]), Galloway's Reply/Objection to the Commonwealth's Answer, (Docket No. [16]), Magistrate Judge Kelly's R&R, (Docket No. [34]), Galloway's Objection, (Docket No. [35]), and Supplement, (Docket No. [36]), and the Commonwealth's Response, (Docket No. [37]), after a *de novo* review of the record, and in light of the forgoing,

IT IS HEREBY ORDERED that the Report and Recommendation of the Magistrate Judge is ADOPTED as the Opinion of this Court.

IT IS FURTHER ORDERED that Galloway's Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that Galloway is not entitled to a certificate of appealability on any of his claims.

IT IS FINALLY ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fisher
U.S. District Judge

cc:     The Honorable Maureen P. Kelly

United States Magistrate Judge

Thomas R. Galloway, Jr.
JY-8603
SCI Benner Township
301 Institution Drive
Bellefonte, PA 16823

All counsel of record via CM-ECF